ACCEPTED
07-15-000142-cr
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
6/8/2015 5:39:51 PM
Vivian Long, Clerk

NO. 07-15-00142-CR

**FILED**

June 8, 2015

Seventh Court of Appeals
Vivian Long
Clerk

# IN THE COURT OF APPEALS
## FOR THE
## SEVENTH SUPREME JUDICIAL DISTRICT
## AT AMARILLO, TEXAS

**KEVIN COBB,**
**Appellant**

**vs.**

**THE STATE OF TEXAS,**
**Appellee**

**Appeal from the County Court at Law Number 4**
**Cause No. C-1-CR-14-152804**
**Burnet County, Texas**
**The Honorable Mike Denton, Judge Presiding**

**APPELLANT'S BRIEF**

**Gary E. Prust**
**State Bar No. 24056166**
**1607 Nueces Street**
**Austin, Texas 78701**
**(512) 469-0092**
**Fax: (512) 469-9102**
**gary@prustlaw.com**

**ATTORNEY FOR APPELLANT**

i

## IDENTITY OF THE PARTIES

**APPELLANT:**
Kevin Gene Cobb
202 B Old Lexington Rd.
Elgin, TX 78621

**TRIAL COUNSEL FOR APPELLANT:**
Ms. Donna Keith
SBN 00789335
605 W. Oltorf
Austin, TX 78704

**APPELLATE COUNSEL FOR APPELLANT:**
Mr. Gary E. Prust
SBN 24056166
1607 Nueces St.
Austin, TX 78701

**TRIAL COUNSEL FOR APPELLEE:**
Ms. Laura Gorman
SBN 24057970
Ms. Neha Naik
SBN 24077916
Travis County Attorney's Office
314 W. 11th St.
Austin, TX 78701

**APPELLATE COUNSEL FOR APPELLEE:**
Mr. David Escamilla
SBN 6662300
Travis County Attorney
314 W. 11th St.
Austin, TX 78701

# TABLE OF CONTENTS

Identity of the Parties ……………………………………………………ii

Table of Contents …………………………………………………… iii

Table of Authorities ………………………………………………… iv

Statement of the Case …………………………………………………1

Statement Regarding Oral Argument ………………………………….. 1

Issue Presented …………………………………………………… 2

Summary of the Facts ………………………………………………….. 2

Summary of Possible Arguable Issue ……………………………………. 4

Prayer …………………………………………………………5

Certificate of Service ………………………………………………… 6

Certificate of Compliance ……………………………………………… 6

# TABLE OF AUTHORITIES

Cases:

*Anders v. California*,
    386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492 …………………………………1

*Benson v. Ohio*,
    488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, 1978 ……………………… 1

*High v. State*,
    573 S.W.2d 807 (Tex. Crim. App. 1978) (no issues presented for review)…1

Statutes:

Texas Penal Code
    § 25.07 (Vernon 2013) …………………………………………………….. 1

Texas Rules of Appellate Procedure
    Rule 33.1(a) ……………………………………………………………... 3, 5

Texas Rules of Evidence
    Rule 801(e)(2) ……………………………………………………………... 5

Texas Rules of Evidence
    Rule 803(24) …………………………………………………………….. 5

**STATEMENT OF THE CASE**

*Nature of the case:* This is an appeal from a misdemeanor criminal conviction for violation of a protective order. *See* Tex. Pen. Code § 25.07 (Vernon 2013).

*Course of the proceedings:* Appellant was arrested on September 23, 2014 for the warrant issued on August 18, 2014. C.R. 7-8. The Complaint and Information were filed September 24, 2014. C.R. 10-11. Jury trial was held from January 26 through 27 of 2015. I R.R. at 1. Appellant was then found guilty and punishment assessed by the jury at 365 days confinement and a $4000 fine. C.R. at 37.

*Trial court's disposition:* The trial court imposed the verdict of the jury.

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant does not request oral argument. There are no novel, unique, or complex issues involved in this appeal.

**ISSUE PRESENTED**

Because this brief is being filed in accordance of the dictates of *Anders vs. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 492; *Benson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300, 1978; and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), no issues are presented for review. A summary of facts and a discussion of potentially arguable issues will be presented to justify the conclusion of Appellant's attorney that there are no arguable appeal issues and therefore this appeal is frivolous.

**SUMMARY OF FACTS**

Ms. Evelen Gamboa worked at a gentleman's club in Travis County Texas on August 7, 2014. III R.R. at 12. She started working there about two years prior, at the suggestion of Appellant. III R.R. at 13. Sometime in 2013, Ms. Gamboa obtained a protective order from a district court in Williamson County which was in effect on August 7, 2014. III R.R. at 13-14.

On that day, a bartender told Ms. Gamboa an individual later shown as Appellant was asking to speak with her. III R.R. at 15. She then talked with Mr. Aaron Fawcett, a manager at the club, who approach Appellant while she ran to the back of the club. III R.R. at 16.

Mr. Fawcett knew a protective order was in place and had it in Ms.

2

Gamboa's employee file. III R.R. at 20. He testified Appellant was there looking for her because he wanted something she might have at her home. III R.R. at 21. Mr. Fawcett further testified, over Appellant's objection, that Mr. Cobb made a statement to the effect he knew he was not supposed to be there.[1] Mr. Fawcett also testified Appellant knew about a protective order. III R.R. at 23-24.

Detective Jenkinson with the Travis County Sheriff's Office responded to a call to the gentleman's club Ms. Gamboa worked at. III R.R. at 29. Appellant was not there when he arrived but he did speak with Ms. Gamboa and with Mr. Fawcett. III R.R. at 29. The club showed the detective a copy of the protective order it had in Ms. Gamboa's file. III R.R. at 30. However, no copy of the protective order was entered into the local and national databases commonly used by law enforcement agencies. III R.R. at 30-31.

Detective Inocencio Flores works with the Travis County Sheriff's Office and investigates cases involving family violence and protective orders. III R.R. at 32-34. The Detective met with Ms. Gamboa, who provided a written statement. III R.R. at 37. Mr. Fawcett also communicated with the detective by providing information via email and faxing in a statement relating to the events on August 7, 2014. III R.R. at 38. Notably, the detective reported the protective order was not signed by Appellant. III R.R. at 39.

---

[1] The question actually asked was whether "defendant know there was a protective order" and that Appellant knew he was not supposed to be at the club. III R.R. 23. But these questions were not preserved for appellate review. *See* TEX. R. APP. P. 33.1(a).

After much discussion outside the presence of the jury, the State recalled Ms. Gamboa to introduced a letter allegedly written by Appellant. III R.R. at 40-50.

The jury was charged with no objections; III R.R. at 59; and found Appellant guilty. III R.R. at 70. Ms. Gamboa testified about an abusive past with Appellant. III R.R. at 71-66. A fingerprint examiner opined Appelant was the same person as convicted in several previous offenses. *See* III R.R. at 80-86. Appellant testified at punishment that he had not contacted Ms. Gamboa since this incident. III R.R. at 88.

After defendant rested, the state waived initial argument. III R.R. at 90. After both sides argued, the judge then read the charge to the jury. III R.R. at 93. He brought it to counsels' attention, and neither expressed any problem, and neither requested any additional argument when offered. III R.R. at 93. Thereafter, the jury assessed the maximum punishment at 365 days and a $4000 fine. III R.R. at 93-94.

**SUMMARY OF POSSIBLE ARGUABLE ISSUE**

A possible arguable issue on appeal is that Mr. Fawcett testified only to speculation and conclusions of Appellant's knowledge. III R.R. at 23-24. He did not actually testify to any statements excluded as hearsay as an admission by party-

4

opponent. *Id*.; Tex. R. Evid. 801(e)(2). Therefore, there was a lack of evidence Appellant knew about the protective order and to stay away from Ms. Gamboa's place of employment. However, Appellant objected to statement against interest. III R.R. at 21-22; TEX. R. EVID. 803(24). The trial court indulged this objection and noted the question called for an answer that is not hearsay and would not need the exception. III. R.R. at 22. Appellant's objection was overruled. III R.R. at 23.

The State then proceeded to ask (1) whether Appellant knew there was a protective order and (2) whether Appellant admitted he knew he was not allowed to be at the club. III R.R. at 23. The State did not ask what statement was made by Appellant. Accordingly, the witness did not answer with a statement by Appellant. The witness properly answered the questions asked by the State. Those questions elicited knowledge of Appellant, not a statement. In any event, Appellant did not renew his objection to the questions or the entry into evidence of the answers. III. R.R. at 23-24. This error is not preserved for review. TEX. R. APP. P. 33.1 (a).

**PRAYER**

For all of the foregoing reasons, Appellant's attorney, Gary E. Prust, respectfully prays this Honorable Court grant his Motion to Withdraw submitted with this brief. Appellant's attorney sent a letter to Appellant's last known address advising him of the consequences of filing an *Anders* brief and informing of his

5

recourse in this matter.

Respectfully submitted,

/s/ Gary E. Prust

Gary E. Prust
SBN 24056166
1607 Nueces Street
Austin, Texas 78701
(512) 469-0092
Fax: (512) 469-9102
gary@prustlaw.com
Attorney for Appellant

## CERTIFICATE OF SERVICE

In compliance with Rule 9.5(d) of the Texas Rules of Appellate Procedure, the undersigned attorney certifies that a true and correct copy of the foregoing Brief was served upon the Travis County Attorney via facsimile transmission to (512)854-9316, in accordance Rule 9.5(b) of the Texas Rules of Appellate Procedure on this the 8th day of June, 2015.

/s/ Gary E. Prust

Gary E. Prust

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. PROC. 9.4(i)(3), I hereby certify this brief contains 1,101 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface. In making this this certificate, I rely on the word count provided by the software use to prepare the document.

/s/ Gary E Prust

Gary E. Prust